UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MALOTT,

        Plaintiff,

  vs.

GEORGE STEPHENSON, et al.,

        Defendants.
_____/

Case No. 22-CV-13096

HON. GEORGE CARAM STEEH

ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 39), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 37), AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 30)

    Plaintiff Michael Malott filed his 42 U.S.C. § 1983 lawsuit alleging that defendants failed to protect him from an assault while he was housed at the Macomb Correctional Facility. The remaining defendants, Warden Stephenson, Assistant Deputy Warden Steece, and corrections officers Thomas and Jefferson, moved for summary judgment (ECF No. 30). The motion was referred to the Magistrate Judge, who prepared a Report and Recommendation (R&R) recommending that the motion be granted (ECF No. 37). The matter is before the court on plaintiff's timely objection as to the dismissal of defendant Steece (ECF No. 39). For the reasons set forth below, plaintiff's objection is overruled and the R&R recommending

dismissal of all remaining defendants is adopted as an order of the court.

I. Legal Standard

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

II. Objection: Qualified Immunity - Clearly Established Law

Defendant Steece moved for summary judgment on the basis that he is entitled to qualified immunity from plaintiff's Eighth Amendment failure to protect claim. The issue before the court on plaintiff's objection is whether plaintiff has shown that Steece's decision to return plaintiff to general population violated clearly established law. The Magistrate Judge acknowledged that plaintiff met his burden of establishing a question of material fact that (1) Steece was aware of plaintiff's history of assaults and threats, and his request for protective custody beginning March 22, 2021; (2) Steece drew the inference of a serious risk of harm if plaintiff was

placed in general population before he was attacked; and (3) Steece deliberately disregarded that risk of harm. However, it is also plaintiff's burden to produce binding authority that at the time Steece acted, the law was clearly established such that every reasonable official would understand that the actions he took violated the Constitution.

Plaintiff's objection is that the Magistrate Judge erred in requiring him to cite a case exactly on point. Plaintiff reasons that where the court found an issue of fact that Steece knew about a serious risk of harm, and the law provides that prison officials have an obligation to protect prisoners from harm, Steece's subjective knowledge of the law can be inferred. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). However, the inference referred to in the cases cited by plaintiff applies to determining whether an official acted with deliberate indifference. The Magistrate Judge concluded there was a material issue of fact whether Steece acted with deliberate indifference. The same inference is not relevant to the issue of whether the law was clearly established at the time the official acted.

The "clearly established" prong is a high standard, requiring a plaintiff to produce, with reasonable particularity, published cases that constitute binding authority because "qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations and citations omitted). Plaintiff is correct that a case factually on all fours is not required. However, the "clearly established law" should not be defined "at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wenk v. O'Reilly*, 783 F.3d 585, 598 (6th Cir. 2015) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). "The unlawfulness of the officer's acts 'must be so well defined' that no reasonable officer would doubt it." *Bell v. City of Southfield, Michigan*, 37 F.4th 362, 367 (6th Cir. 2022) (citing *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (per curiam)). It is the plaintiff's burden to point to precedent placing the constitutional question "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Only two options were available to Steece as it related to plaintiff's placement. One is that he could continue to hold plaintiff in isolated segregation for an extended period. However, plaintiff had a history of injuring himself while in solitary confinement, as well as engaging in hunger strikes. Second, he could return plaintiff to general population. Steece was aware that plaintiff was at risk of being assaulted if returned to the unit, but

he also knew that the prisoners who previously assaulted him were no longer at the facility. Transferring plaintiff to a new facility was not an option because of COVID lockdowns.

Plaintiff fails to cite precedent clearly establishing that an Eighth Amendment violation could result from returning a prisoner to general population knowing of the general risk of violence due to his being a snitch, including a history of assaults while in custody, where his previous attackers had been removed from the facility, and also knowing the prisoner harmed himself and went on hunger strikes during extended isolation. It is also relevant that a transfer to another prison was not an option due to a COVID lockdown. Plaintiff did not meet his burden of showing that a reasonable official, knowing what Steece knew at the time, would understand that by releasing plaintiff to general population, he or she was violating a clearly established right.

The Magistrate Judge correctly stated that in defining the right asserted to be clearly established, the question cannot be too general and must be tailored to the situation. Plaintiff maintains that prison officials are on notice that they must protect prisoners from substantial risks of harm, but "avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wenk*, 783 F.3d at 598

(citations omitted).

Plaintiff's objection is overruled. The court agrees with the analysis conducted and adopts the recommendation made by the Magistrate Judge. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objection (ECF No. 39) is OVERRULED.

IT IS HEREBY FURTHER ORDERED that the Report and Recommendation (ECF No. 37) is adopted by the Court.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 30) is GRANTED.

Dated:   February 11, 2025

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2025, by electronic and/or ordinary mail.

s/LaShawn Saulsberry  
Deputy Clerk